1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JACKIE MELLOW and SHARON A. MARTIN,

11            Plaintiffs,              No. CIV S-08-0027 MCE GGH PS

12        vs.

13   SACRAMENTO COUNTY, et al.,        ORDER and FINDINGS AND

14            Defendants.              RECOMMENDATIONS

15   _____/

16            This action, in which the plaintiffs are proceeding pro se, has been referred to the

17   undersigned pursuant to E.D. Cal. L.R. 72-302(c)(21).  On January 11, 2008, the court issued an

18   order to show cause directing plaintiffs to show why they should not be subjected to Rule 11

19   sanctions for failure to establish a good faith basis to support the allegations against any of the

20   defendants.[1]  Despite an order to appear for a Rule 11 hearing on January 31, 2008, plaintiffs

21   made no appearance.  Also before the court is plaintiffs' January 30, 2008 motion to disqualify

22   the undersigned.

23   \\\\\

24   \\\\\

25   _____

26        [1] That order directed defendants not to file a response to the complaint until further order.

1

BACKGROUND

This complaint is 54 pages in length, and is interspersed with attachments.  It names 32 defendants including the Sacramento County Sheriff's Department, Jan Scully (District Attorney, Sacramento County), Edmond Brown (Attorney General of California), McGregor Scott (United States Attorney), Roger Dickinson (Supervisor, Sacramento County), and the undersigned, among other officials.  Plaintiffs claim they are senior citizens whose property was trespassed by defendants, who also committed larceny, grand theft, criminal profiteering, armed robbery, threats and intimidation of plaintiffs, between November 25 and 27, 2007.  Compl., ¶ 44.  Martin claims she tried to prevent the attacks on Mellow's property which resulted in retaliatory attacks on her own property.  Plaintiffs claim these actions were part of a "state-wide conspiracy by domestic terrorists against residents that own property that corrupt public employees believe they should be able to steal."  Compl. at ¶ 39.

Another allegation is that defendant Dave Irish "entered into a conspiracy to file false liens for the collection of unlawful debt in furtherance of defendant Ryan and Fairbanks goal to force plaintiffs to sell their homes to enable the county and state to skim off equity to defraud property owners and increase the tax-base by eliminating homes protected by Article XIII, of the Constitution of the State of California."  Id. , ¶ 56.  Plaintiffs claim the conspiracy began in "2004 when the tax assessor collected utility charges on Mellow's 2004 property tax bill in violation of Article XIIID...."  Id., ¶ 58.  It appears from an exhibit attached to the complaint that Jackie Asuncion (aka Mellow) was cited by the County for having junk, rubbish, and overgrown vegetation leading to rodent harborage, on her property.

In regard to the undersigned, the allegation is that:

72.  Defendant Hollows, acting in conspiracy with clerks, has participated in obstructing pro se's plaintiff's from access to the district court and deprived them of their right under Article III and the First, Fifth, Seventh and Fourteenth Amendment rights secured by the Constitution of the United States and Acts of Congress to 'sell protection for corrupt government actors committing civil rights offense within California and is subject to suit under 28

2

1    U.S.C. § 2679 and th 2000 Amendment to FRCP Rule 12.

2    Id., ¶ 72.[2]

3         Also in paragraph 74 – plaintiffs allege that defendants Winn and Sims bribed a

4    state court judge knowing that they had protection from the undersigned and the United States

5    Attorney.  Plaintiffs seek injunctive relief, and compensatory and punitive damages under the

6    First, Fourth, Fifth and Fourteenth Amendments.  Id., ¶ 43.

7    DISCUSSION

8        I. Plaintiffs' Motion to Disqualify

9         Plaintiffs request that the undersigned recuse himself, pursuant to 28 U.S.C. §

10   455.  A judge is required to disqualify himself if his impartiality might reasonably be questioned,

11   28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28 U.S.C. §

12   455(b)(1).  The decision regarding disqualification is made by the judge whose impartiality is at

13   issue.  Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994).  Remarks made during the course of a

14   judicial proceeding that are critical or hostile to a party or his case ordinarily will not support a

15   bias or partiality claim unless they reveal an extrajudicial source for the opinion, or "such a high

16   degree of favoritism or antagonism as to make fair judgment impossible."  Liteky v. United

17   States, 510 U.S. 540, 114 S. Ct. 1147, 1157 (1994.)  Where the source of alleged bias or

18   prejudice is a judicial proceeding, plaintiff must show a disposition on the part of the judge that

19   "is so extreme as to display clear inability to render fair judgment."  Liteky, 488.  "Opinions

20   formed by the judge on the basis of facts introduced or events occurring in the course of current

21   proceedings do not constitute a basis for a bias or partiality motion unless they display a deep-

22   seated favoritism or antagonism that would make fair judgment impossible."  Id. at 491.  "The

23

24       [2]  Read literally, plaintiffs allege that the undersigned "deprived [plaintiffs] of their right
     under Article III [and certain Constitutional Amendments and Acts of Congress] to 'sell
25   protection for corrupt government actors....'"  Thankfully, the Constitution provides no such right
     to plaintiffs, and Congress has passed no such law.  The absurdity of the allegation, grammatical
26   and otherwise, speaks for itself.

1  test is 'whether a reasonable person with knowledge of all the facts would conclude that the

2  judge's impartiality might reasonably be questioned." United States v. Wilkerson, 208 F.3d 794,

3  797 (9th Cir. 2000), quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997).

4  Plaintiffs argue that the undersigned is a defendant in this case and therefore has a

5  personal interest in the action.  Plaintiffs also allege that the undersigned "has openly taken

6  'bribes,'" falsely represented himself as a district judge, and "corruptly issue[d] an order to

7  threaten and intimidate plaintiffs."  Pls.' Mot. at 2, 4.

8  Normally, when a judge is sued, and is also assigned to the case, the required

9  action is to simply recuse oneself and have another judge decide the matter. § 455(b)(5)(i).

10  Indeed, the statutory section heading provides that the judge "shall recuse himself."  However,

11  when vexatious litigants sue multiple judges on multiple occasions, and use the court only for

12  spite purposes naming whomever they please, especially highly placed government officials and

13  judges, for whatever preposterous allegations they determine to allege[3], an assigned, but sued

14  judge, has the duty to say, "enough is enough."  The Supreme Court has recognized that although

15  the use of "shall" in a statute is normally mandatory, there will be situations where "practical

16  necessity" permits the use of discretion even in the presence of a "shall."  Town of Castle Rock,

17  Colo. v. Gonzalez, 545 U.S. 748, 761-62, 125 S.Ct. 2796, 2806 (2005): even where a statute

18  commands that a person "shall be arrested," practical necessity permits the use of discretion.  The

19  present situation demonstrates that if courts are not simply to be abused on the whim of litigants,

20  a judge has discretion not to recuse when the facts of the situation allow for no other conclusion

21  that the courts are being abused.  Any other ruling permits ever expansive suits against judges

22  where the judge in the present proceeding is added to the next lawsuit for spite purposes, and so

23  on and so on.  This action, and others filed by plaintiff Martin and her cohorts have that very real

24  potential.  The recusal statutes do not have to be applied to their illogical extreme.  United States

25  ─────────────────

26  [3] See the rendition of suits in the vexatious litigant section, infra.

4

1   v. Studley, 783 F.2d . 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or

2   threatened suit against him [in the context of scurrilous attacks].")

3          A plaintiff may not file frivolous actions against a judge and then base a motion

4   for disqualification on those actions.  See United States v. Studley, 783 F.2d at 939-40 (9th Cir.

5   1986).  "Frivolous and improperly based suggestions that a judge recuse should be firmly

6   declined."  Maier v. Orr, 758 F.2d 1578, 1583 (9th Cir. 1985) (citations omitted).  Indeed, even

7   when the judge is initially named in a lawsuit, where the allegations are so palpably lacking in

8   merit and integrity, the judge may, and should, remain in the case to deal with the spiteful

9   plaintiff.  Davis v. Kvalheim, 2007 WL 1602369 (M.D.Fla. 2007) (citing cases).  In Davis, the

10  facts are strikingly similar to the facts alleged herein:

11          The Plaintiff, Alan Wayne Davis ("Davis"), has filed a 138-page complaint (Doc.
12      1), asserting violations of various state and federal laws, constitutional provisions,
        and county ordinances by somewhere upward of 100 defendants.  The instant suit
13      is the latest installment in a 13-year soap opera arising from allegations that Davis
        engaged in illegal dumping and created a public nuisance.  In the complaint, Davis
14      insults, threatens, and smears every individual even peripherally involved in the
        dispute.  Neighbors, law enforcement officers, judges and members of the
15      legislature are accused at great length and in stultifying detail of having conspired
        to railroad Davis, or of having violated the same laws he was convicted of
16      violating, or of failing to admit the unconstitutionality of those laws and have
        them overturned.

17          Even a cursory review of the pleadings in this case and those available in the
18      public record makes it plain that Davis employs the legal system as a tool to
        intimidate and heckle those he imagines have done him wrong, rather than as a
19      forum for the redress of legitimate grievances.

20  Davis, supra, at *1.

21          The district judge then discussed his status as a defendant in the case.

22      Davis has included the undersigned amongst the putative defendants in this case.
        Normally, being named as a defendant would require recusal: 28 U.S.C. §
23      455(b)(5)(i) provides that a judge shall disqualify himself when he is a party to the
        proceeding.  However, such disqualification is not required where the litigant
24      baselessly sues or threatens to sue the judge. In re Hipp, Inc., 5 F.3d 109 (5th
        Cir.1993); U.S. v. Grismore, 564 F.2d 929 (10th Cir.1977); Bush v. Cheatwood,
25      2005 WL 3542484 (N.D.Ga.2005). The allegations involving the undersigned are
        as frivolous as the remainder of the complaint, and recusal is therefore not
26      required.

1  Davis, supra at *2.

2        When reviewing the allegations herein, the undersigned could not recall any

3  contact with these plaintiffs in any capacity.  A record check in CM/ECF revealed cases in past

4  years involving plaintiff Martin, but not involving the undersigned – until this case and its twin

5  (CIV-S-07-2796 LKK EFB)[4] were filed late in 2007 and early this year.[5]  The allegations in both

6  cases being slanderous and outlandish on their face, and due to the frivolousness of past suits, see

7  infra, the undersigned determined, pursuant to Fed. R. Civ. P 11 to compel plaintiffs to set forth

8  the good faith factual basis in this case for their allegations against all defendants, including the

9  undersigned.  As set forth below, plaintiffs declined the opportunity.

10        Given the spiteful nature of the lawsuit (for whatever reason the spite has been

11  incurred), and given the false, outlandish allegations, the undersigned will not recuse.

12      II. Rule 11 Dismissal

13        On January 11, 2008, this court ordered plaintiffs to show cause why the

14  complaint should not be dismissed under Fed. R. Civ. P. 11 for filing a pleading in violation of

15  that rule.  Despite an order requiring them to do so, plaintiffs failed to appear for hearing on

16  January 31, 2008.

17        Rule 11 provides that a pleading filed with the court "certifies that to the best of

18  the person's knowledge, information, and belief, formed after an inquiry reasonable under the

19  circumstances," it is not presented for an improper purpose, the claims are warranted by existing

20  law or an argument to modify the law that is non-frivolous, and the factual allegations will have

21  evidentiary support.  Fed. R. Civ. P. 11(b).  The court may, on its own initiative, order a party to

22  show cause why specified conduct does not violate Rule 11.  Id., (c)(3).

23

24     [4]  The undersigned was named in this late 2007 lawsuit with similar flagrantly frivolous allegations.

25     [5]  In Saunooke, Martin, et al. v. Carroll, CIV-S-97-407 GEB DAD, the undersigned was
initially assigned on the case, but before any action was taken by the undersigned, the case was
26  reassigned to Magistrate Judge Drozd.

1    Rule 11 sanctions may be imposed "if the [pleading] filed in district court and

2    signed by an attorney or an unrepresented party is frivolous, legally unreasonable, or without

3    factual foundation, even though the paper was not filed in subjective bad faith." Zaldivar v. City

4    of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986).  The Ninth Circuit has ruled that "[w]ithout

5    question, successive complaints based upon propositions of law previously rejected may

6    constitute harassment under Rule 11." Buster v. Petersen, 104 F.3d 1186, 1190 (9th Cir. 1997).

7    Although the factual bases of the previous complaints filed in this court by Martin

8    are different than the instant complaint, plaintiff continues to name defendants which the courts

9    have previously rejected on the same propositions of law.  Plaintiff has previously sued judges

10   and has been informed that they are protected by judicial immunity based on similarly alleged

11   actions.  See Civ.S. 95-0655 MLS JFM (Judges Burrell, Garcia, Karlton, Levi, Shubb); Civ.S.

12   95-0812 (Judges Williams, Trumbull, Levi, Karlton, Shubb, Lewis); Civ.S. 97-0407 GEB DAD

13   (Judges Schwartz, Shubb, Levi, Ware, Spencer, Whyte); Civ.S. 00-0097 GEB PAN (Judges

14   Damrell, Moulds, Drozd).  Such repetitive action constitutes harassment under Rule 11.  Buster,

15   104 F.3d at 1190.

16   As the allegations cited above indicate, many of the claims are fanciful, and

17   "while theoretically within the realm of the possible, stand genuinely outside the common

18   experience of humankind." Robinson v. Love, 155 F.R.D. 535, 536 (E.D. Pa. 1994).  As

19   plaintiffs did not appear at the court ordered hearing, they did not discover that each claim

20   against each defendant requires a factual basis that is supported by a factual inquiry.  As plaintiffs

21   have failed to appear in order to learn of the deficiencies in their complaint, and violated the

22   show cause order, the complaint must be dismissed.

23   This complaint must also be dismissed because the court has no jurisdiction over

24   claims which are so palpably frivolous.  See Bell v. Hood, 327 U.S. 678, 682-83 (1946) (finding

25   that unless a complaint presents a plausible assertion of a substantial federal right, a federal court

26   does not have jurisdiction).  A federal claim which is so insubstantial as to be patently without

7

1    merit cannot serve as the basis for federal jurisdiction.  See Hagans v. Lavine, 415 U.S. 528, 587-

2    38, 94 S. Ct. 1372, 1379-80 (1974).

3         III.  Vexatious Litigant Order (Plaintiff Martin Only)

4              Plaintiff Sharon Martin has brought no less than nine previous actions against

5    various government officials, including judges, who rule against plaintiff in her lawsuits.  Martin

6    treats the federal court in this district as her own personal stick with which to beat those who she

7    believes makes her life more difficult, or who disagree with her sometimes vitriolic viewpoint.

8    The relatively de minimis filing fees in federal court make this possible.  For a mere $350 Martin

9    can force her protagonists to spend thousands of dollars in litigation defense costs.  Whether

10   plaintiff wins the lawsuit or not does not matter – defendants have lost financially every time.

11   Plaintiff Martin's conduct requires the undersigned to take action sua sponte.

12             The Ninth Circuit has acknowledged the "inherent power of federal courts to

13   regulate the activities of abusive litigants by imposing carefully tailored restrictions under the

14   appropriate circumstances."  De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.1990)

15   (discussing requirements, pursuant to the All Writs Act,  28 U.S.C. § 1651(a), for issuing an

16   order requiring a litigant to seek permission from the court prior to filing any future suits).

17             District courts have the inherent power to file restrictive pre-filing orders against

18   vexatious litigants with abusive and lengthy histories of litigation.  See Delong, 912 F.2d at

19   1147.  Such pre-filing orders may enjoin the litigant from filing further actions or papers unless

20   he first meets certain requirements, such as obtaining leave of the court or filing declarations that

21   support the merits of the case.  See e.g., O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir.1990)

22   (requiring pro se inmate deemed vexatious litigant to show good cause before being permitted to

23   file future actions); De Long, 912 F.2d at 1146- 47 (prohibiting filings of pro se litigant

24   proceeding in forma pauperis without leave of the district court); Moy v. United States, 906 F.2d

25   467, 469 (9th Cir.1990) (forbidding pro se plaintiff from filing further complaints without prior

26   approval of district court).

1        The Ninth Circuit has said that pre-filing review orders, in which a complainant is

2   required to obtain approval from a United States Magistrate or District Judge prior to filing a

3   complaint, can be appropriate in certain occasions but "should rarely be filed."  DeLong, 912

4   F.2d at 1147.  The DeLong court articulated that the following four conditions must be met

5   before the court enter such an order:  (1) plaintiff must be given adequate notice to oppose the

6   order; (2) the court must provide an adequate record for review, listing all the cases that led the

7   court to conclude that a vexatious litigant order was warranted; (3) the court must make

8   substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the

9   order must be narrowly tailored.  Id. at 1147-48.

10        First of all, plaintiff Martin is put on notice by these findings and

11   recommendations that a vexatious litigant order is being recommended against her.  Plaintiff has

12   an opportunity to object to the entry of the order by filing objections to these findings and

13   recommendations.

14        In addition to the instant case, cases qualifying Martin for status as a vexatious

15   litigant referenced in previous sections are fully described below.

16        Case 95-MC-099 GEB commenced the litigation odyssey.[6]  The complaint was 46

17   pages long and named almost 100 defendants.  The claims were that defendants engaged in

18   animal enterprise terrorism and violated the Animal Enterprise Protection Act.  This action and

19   six others were dismissed without prejudice, but pursuant to 28 U.S.C. § 1915(d) as factually

20   frivolous.  The dismissal was affirmed on appeal.

21        Case 95-655 MLS JFM named as defendants the United States District Court for

22   the Eastern District of California, the Clerk of this court, and each of the active judges in the

23   Sacramento Division at the time.  Martin and other plaintiffs were also plaintiffs in eight

24   previously filed cases in this court, and brought the action to claim that approval of their IFP

25   _____

26      [6] The court takes judicial notice of its own records.

9

1    applications were unlawfully delayed in various ways in the prior cases, violating their civil

2    rights.  This case was dismissed based on judicial immunity and mootness.  The court also noted

3    that the claims were "so completely devoid of merit as to not involve a controversy within the

4    jurisdiction of the federal court."  Order, filed June 1, 1995, at 6:14-17.  This dismissal was

5    affirmed on appeal.

6           In Case 95-812 MLS JFM, the court disposed of this and six other related actions

7    which had claimed that defendants committed "animal terrorism" against plaintiffs who were

8    breeders of various animals, particularly dogs and horses.  Plaintiffs alleged that defendants,

9    mainly state and local officials, governmental entities, and humane societies, engaged in a

10   conspiracy by entering plaintiffs' property, stealing and selling their animals, laundering the

11   profits through various animal protection agencies and using the profits to pay corrupt judges and

12   other government officials.  The complaint alleged that said officials were confiscating abused

13   animals and instituting criminal proceedings against the owners pursuant to local or state laws,

14   specifically the Animal Enterprise Protection Act, 18 U.S.C. § 43.  This case and the six related

15   cases were dismissed with prejudice, without leave to amend as the allegations were patently

16   frivolous.  The dismissal was affirmed on appeal.

17          In Case 96-1992 MLS JFM, plaintiff sued 22 defendants comprised of state

18   defendants, DMV defendants, and county defendants.  The claims arose from a traffic stop

19   wherein plaintiff was cited for failing to display license plates and driving with an expired

20   registration.  She sued everyone she encountered in her attempts to contest this citation, all the

21   way through trial and appeal.  In dismissing the action with prejudice and without leave to

22   amend, the court noted that plaintiff's primary intent in bringing this litigation was to harass and

23   annoy defendants and to defy the will of the court.  The court noted that leave to amend would be

24   futile because it "would merely encourage plaintiff to file additional frivolous and vexatious

25   materials."  Order, filed April 9, 1997 at 18:5-9.

26   \\\\\\

1    In case 97-0407 GEB DAD,  plaintiff sued the Attorney General and Deputy

2    Attorneys General who represented state agencies and officials in plaintiff's previous action,

3    Civ.S. 96-1992.  Her 120 page complaint also named various other local and state government

4    officials and entities, including prosecutors, judges, court personnel, and non-governmental

5    entities such as the Northwest SPCA, to name a few.  She alleged constitutional violations under

6    42 U.S.C. § 1983 relating to criminal investigation and prosecution of co-plaintiff Saunooke,

7    judicial acts by various judges, and activities related to a child abuse investigation, with

8    conspiracy alleged throughout the complaint.  The case was dismissed with prejudice after a Rule

9    11 show cause order to which plaintiff did not respond.  The dismissal was affirmed on appeal.

10    In case 99-2284 FCD JFM, plaintiff challenged the constitutionality of

11    California's seat belt law and alleged California Highway Patrol Officer Berhdl extorted money

12    from her under the threat of filing a false police report after Berhdl issued a citation to plaintiff

13    for not wearing her seat belt.  This case was dismissed and affirmed on appeal.

14    Case 99-2412 FCD DAD was a state criminal action, originally filed in state

15    court, wherein Martin was charged with various violations of the California Vehicle Code,

16    relating to actions in case number 99-2284.  Plaintiff had the action removed to this court and

17    upon removal it was summarily remanded to state court.

18    Finally, case 00-0097 GEB PAN, arising out of the two prior cases, alleged that

19    attorney Buttram (counsel for most defendants in case number 99-2284), bribed court personnel

20    to prevent entry of Berhdl's default and to permit Buttram to file the motion to dismiss, and that

21    court personnel conspired with Buttram to deprive plaintiff of her constitutional rights.  Among

22    the claims are that Townsend "contribute[d] to the fraud and swindles" of defendant Buttram "by

23    falsely representing that the CHP has investigated a citizens complaint, ... knowing all the time

24    that defendant Buttram had successfully 'bribed' the federal employees to 'cover up' the

25    admitted conduct and default of defendant Berhdl to allow a dangerous mentally ill state actor to

26    continue his extortion and terrorism against elderly citizens driving out-of-state license vehicles

11

1    within the State of California." Plaintiff also alleged that Judge Moulds accepted a bribe from

2    Buttram, that Judge Damrell participated in the racketeering, and that various docket clerks

3    accepted bribes and participated in the enterprise.  In regard to case number 99-2412, plaintiff

4    alleged that Judges Damrell and Drozd entered into a conspiracy in which a docket clerk and

5    Clerk Wagner and Deputy Clerk Sandlin participated by referring the matter to Judge Moulds,

6    making false docket entries, ignoring certain local rules, making false representations and

7    intimidating plaintiff.  The court dismissed the case with prejudice based on immunity of the

8    federal defendants and failure to state a claim against defendant Townsend.  The Ninth Circuit

9    Court of Appeals affirmed the dismissal.

10           Plaintiff has also filed one other case in addition to the instant case, which has not

11   yet been resolved.[7]  Nevertheless, case 07-2796 LKK  EFB raises charges against judges which

12   plaintiff has been warned numerous times are improper based on judicial immunity.  In fact,

13   defendants have raised judicial immunity in their recently filed motion to dismiss.

14           As seen from a description of the claims in the present case, plaintiff Martin has

15   followed her now familiar pattern.  Clearly, plaintiff qualifies as a vexatious litigant under

16   several of the alternative grounds for finding vexatiousness.  Plaintiff has had eight or more cases

17   adversely decided in the past 13 years; she has brought a total of ten cases in that time period; she

18   repeatedly attempts to re-litigate the validity of past decisions and/or repeatedly litigates the same

19   claims against the same or related defendants; she raises claims which she knows have no merit

20   based on past rulings, such as claims where judicial immunity applies; she has filed a plethora of

21   frivolous motions, especially motions for recusal of the sitting judge; she repeatedly files

22   frivolous claims bordering on the ridiculous.  To the best of the court's knowledge, all of

23   

24           [7]  On May 7, 2008, the United States filed a request for judicial notice in the instant case,
     requesting judicial notice of 07-2796 and of case number 08-0884 FCD DAD which was filed by
25   a plaintiff named Michael D. Ambler but appears to name many of the same defendants and
     reveals that it was probably prepared by the same person who prepared the complaints in the
26   Martin cases.

1  plaintiffs' prior cases, except for the remand of the criminal action against plaintiff, were

2  dismissed for failure to state a claim, judicial immunity, failure to respond to an order to show

3  cause, or because the action was frivolous.  Judging from the motion to dismiss in case number

4  07-2796, based on judicial immunity, defendants are very likely to obtain the same adverse-to-

5  plaintiff results which they and others have obtained in the previous litigations.  There seems to

6  be no purpose in Martin's filings other than harassment, and she obtains no relief, while causing

7  immeasurable strain on the court system and defendants who are required to respond to her

8  frivolous allegations.

9          Accordingly, the court finds that an order requiring pre-filing review by the court

10  for purposes of determining subject matter jurisdiction or whether the action is frivolous or fails

11  to state a claim, is appropriate.

12  CONCLUSION

13          Accordingly, IT IS ORDERED that plaintiffs' January 30, 2008 motion to

14  disqualify the undersigned is denied.

15          For the reasons stated herein, IT IS HEREBY RECOMMENDED that:

16          1.  Plaintiff Martin be declared a vexatious litigant.

17          2.  The following pre-filing review order be entered:   (1) Plaintiff Martin shall not

18  initiate any further pro se action in this court unless the pleadings initiating the action are

19  accompanied by a declaration under penalty of perjury that explains why plaintiff believes she

20  has meritorious claims.  The declaration shall also state that the claims are not frivolous or made

21  in bad faith, and that plaintiff Martin has conducted a reasonable investigation of the facts and

22  the investigation supports her claim(s).  (2) The Clerk shall not file or lodge any action submitted

23  pro se by plaintiff Martin unless it is accompanied by the required declaration; any such

24  incomplete filings shall be returned to plaintiff Martin without further action of the court.  (3) If

25  plaintiff Martin files a pro se action accompanied by the required declaration, the Clerk shall

26  open the matter as a miscellaneous case to be considered by the General Duty Judge of this court.

1  The judge will issue necessary orders after making a determination whether the case should be

2  filed under the appropriate standards and pertinent law.

3        3.  This action be dismissed with prejudice.

4        These findings and recommendations are submitted to the United States District

5  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

6  (10) days after being served with these findings and recommendations, any party may file written

7  objections with the court and serve a copy on all parties.  Such a document should be captioned

8  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

9  shall be served and filed within ten (10) days after service of the objections.  The parties are

10  advised that failure to file objections within the specified time may waive the right to appeal the

11  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12  DATED: 05/22/08

13                              /s/ Gregory G. Hollows

14                              GREGORY G. HOLLOWS
                            U. S. MAGISTRATE JUDGE

15  GGH:076/Mellow0027.vex.wpd

16

17

18

19

20

21

22

23

24

25

26